UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY GERARD DOWELL-EL,

      Petitioner,

    v.

DEBRA SCUTT,

      Respondent.[1]

_____/

CASE NO.  2:08-CV-11723
JUDGE GEORGE CARAM STEEH
MAGISTRATE JUDGE PAUL J. KOMIVES

## MEMORANDUM ORDER DENYING PETITIONER'S MOTION TO STRIKE RESPONDENT'S ANSWER

This matter is before the Court on petitioner Anthony Gerard Dowell-El's motion to strike respondent's answer, filed on December 15, 2008 (docket #14).  Petitioner contends that respondent's answer should be stricken because several of respondent's factual assertions relating to the procedural history of petitioner's case in the state courts are false, and that respondent's procedural default argument based on these misstatements is without merit.  Pursuant to FED. R. CIV. P. 12(f), upon motion of a party or upon its own motion "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f).  "A motion to strike under [Rule] 12(f) is generally not favored." *Mastrocchio v. Unnamed Supervisor Special Invest. Unit*, 152 F.R.D. 439, 440 (D.R.I. 1993); *accord Abramson v. Florida Gas Transmission Co.*, 908 F. Supp. 1383, 1386 (E.D. La. 1995); *Glenside West Corp.*

---

[1]By Order entered this date, Debra Scutt has been substituted in place of Lloyd Rapelje as the proper respondent in this action.

*v. Exxon Co., U.S.A.*, 761 F. Supp. 1100, 1114 (D.N.J. 1991).  Regardless of the ultimate merit of respondent's positions, on their face they are not redundant, immaterial, impertinent, or scandalous. Thus, there is no basis upon which to strike respondent's answer.  The matters raised in petitioner's motion to strike will be considered in the Report and Recommendation addressing the merits of the petition.

Accordingly, it is ORDERED that petitioner's motion to strike respondent's answer is hereby DENIED.  The attention of the parties is drawn to FED. R. CIV. P. 72(a), which provides a period of ten days from the date of this Order within which to file any objections for consideration by the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

IT IS SO ORDERED.

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: July 21, 2009

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record   by electronic means or U.S. Mail on July 21, 2009.
>
> s/Eddrey Butts
> Case Manager

2