UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY GERARD DOWELL-EL,

           Petitioner,

                                Case No.2:08-CV-11723
                                HON. GEORGE CARAM STEEH
vs.                            MAGISTRATE JUDGE PAUL J. KOMIVES

CAROL R. HOWES,

           Respondent.

_____/

## ORDER DENYING PETITIONER'S RULE 60(B) MOTION FOR RELIEF FROM JUDGMENT [#28], DENYING PETITIONER'S MOTION FOR CERTIFICATE APPEALABILITLY [#30], AND DENYING PETITIONER'S APPLICATION TO PROCEED IN FORMA PAUPERIS ON APPEAL [#31]

Petitioner, Anthony Gerard Dowell-El, filed a *pro se* petition for a writ of habeas corpus. On May 14, 2010, Magistrate Judge Paul Komives issued a report and recommendation recommending that petitioner's petition for a writ of habeas corpus be denied. On November 2, 2010, the court entered an order accepting and modifying report and recommendation, denying petitioner's petition for writ of habeas corpus and denying a certificate of appealability. On November 22, 2010, petitioner filed a motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. On November 24, 2010, petitioner filed a notice of appeal, motion for certificate of appealability and an application to proceed *in forma pauperis* on appeal.

-1-

A Rule 60(b) motion does not serve as a substitute for an appeal or bring for review a second time the merits of the district court's decision dismissing a habeas petition. *Rodger v. White*, 1993 U.S. App. LEXIS 15347, *3 (6th Cir. June 15, 1993) (citing *Browder v. Director, Dep't of Corrs.*, 434 U.S. 257, 263 (1978); *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F. 2d 291, 294 (6th Cir. 1989)).  Rather, Rule 60(b) is properly invoked in habeas cases "where there are extraordinary circumstances, or where the judgment may work an extreme and undue hardship, and should be liberally construed when substantial justice will thus be served."  *Cornell v. Nix,* 119 F. 3d 1329, 1332 (8th Cir. 1997).  Rule 60(b) states in part:

> **(b) Grounds for Relief from Final Judgment, Order, or Proceeding.**  On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
>  (1) mistake, inadvertence, surprise, or excusable neglect;
>  (2) newly discovered evidence, that with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>  (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>  (4) the judgment is void;
>  (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>  (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  The party that seeks to invoke Rule 60(b) bears the burden of establishing that its prerequisites are satisfied.  *Jinks v. AlliedSignal, Inc.*, 250 F. 3d 381, 385 (6th Cir. 2001).  A Rule 60(b) motion is properly denied where the movant attempts to use the motion to relitigate the merits of a claim and the allegations are unsubstantiated. *Miles v. Straub*, 90 Fed. App'x 456, 458 (6th Cir. 2004).  A movant under Rule 60(b) likewise fails to demonstrate entitlement to relief when he or she simply rephrases the prior

allegations that were contained in the original complaint. *Johnson v. Unknown Dellatifa*, 357 F. 3d 539, 543 (6th Cir. 2004). Petitioner presents the same arguments he previously raised in his petition for habeas corpus, which have already been reviewed and rejected by this court. He is not entitled to relief from judgment. *Brumley v. Wingard*, 269 F. 3d 629, 647 (6th Cir. 2001).

As to petitioner's motion for certificate of appealability and application to proceed *in forma pauperis* on appeal, this court has already denied both requests in its November 2, 2010 order. Therefore, the court construes petitioner's motion for a certificate of appealability and application to proceed *in forma pauperis* on appeal as a motion for reconsideration. Local Rule 7.1(h)(3) governs motions for reconsideration and provides:

> [M]otions for rehearing or reconsideration which merely present the same issues ruled upon by the court, either expressly or by reasonable implication, shall not be granted. The movant shall not only demonstrate a palpable defect by which the court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof.

E.D. Mich. L.R. 7.1(h)(3). Petitioner has failed to demonstrate a palpable defect by which this court has been misled, the correction of which will result in a different disposition of his case.

Jurists of reason would not debate this court's assessment that each of petitioner's substantive claims ((1) alleged denial of petitioner's right to due process based on the trial court's denial of pretrial motions; (2) insufficiency of the evidence; (3) ineffective assistance of trial and appellate counsel; (4) prosecutorial misconduct; (5) admission of petitioner's taped confession; (6) *Brady* violation; (7) petitioner's right to an evidentiary hearing, (8)

actual innocence, and (9) cumulative error) do not warrant habeas relief. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

Similarly, petitioner is not entitled to proceed in forma pauperis on appeal as his appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3). A reasonable person would not suppose that petitioner's appeal is taken in good faith. *See Walker v. O'Brien*, 216 F. 3d 626, 631 (7th Cir. 2000).

Accordingly,

Petitioner's Rule 60(b) motion for relief from judgment is DENIED.

Petitioner's motion for certificate of appealabiltiy, construed as a motion for reconsideration, is DENIED.

Petitioner's application to proceed *in forma pauperis* on appeal, construed as a motion for reconsideration, is DENIED.

SO ORDERED.

Dated: December 9, 2010

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on December 9, 2010, by electronic and/or ordinary mail and also to Anthony Dowell, Lakeland Correctional Facility, 141 First Street, Coldwater, MI 49036.

S/Josephine Chaffee
Deputy Clerk